# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CLOSEABILITY DATA SOLUTIONS, INC. | : | Case No.: |
| | : | |
| PLAINTIFF, | : | **MOTION FOR TEMPORARY** |
| | : | **RESTRAINING ORDER AND** |
| VS. | : | **PRELIMINARY INJUNCTION** |
| | : | |
| ALTISOURCE S.À R.L., et al | : | |
| | : | |
| DEFENDANTS. | : | |

_____

NOW COMES Plaintiff CloseAbility Data Solutions, Inc., by and through its undersigned counsel, Wendy S. Rosett, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 65 for a Temporary Restraining Order (TRO) and Preliminary Injunction against Defendant Altisource S.à r.l. (hereinafter "Altisource")

Plaintiff seeks to restrain Defendant from continuing to make or disseminate false and defamatory statements concerning Plaintiff's business operations, platform integration with Equator, and alleged trademark infringement—falsehoods that have been disseminated to thousands of real estate professionals and caused immediate and irreparable harm.

This Motion is supported by the attached Memorandum in Support, the Verified Complaint, and Exhibits, including relevant communications and declarations.

Respectfully Submitted,

/s/ Wendy S. Rosett_____
Wendy S. Rosett, ID# 0055870
Attorney and Counselor-at-Law
16781 Chagrin Boulevard, #304

Shaker Heights, Ohio 44120
216.533.4139 (cellular phone)
216.491.2125 (voicemail/fax)
owlesq@aol.com
Attorney for the Plaintiff

## **CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing was sent via the Court's Electronic Notification System and/or regular U.S. mail, postage prepaid, this 21st day of April, 2025 to all parties listed on the Court's dockets as participants in this matter.

Plaintiff's counsel also emailed Defendant's counsel Lucia Williams at the following email addresses: Lucia.Williams@altisource.com

Plaintiff's counsel's office also called Defendant's counsels to attempt resolution before approaching this Court for injunctive relief. At the time of filing, Defendant's counsels had not replied.

Respectfully submitted,

/s/ Wendy S. Rosett
Wendy S. Rosett, ID# 0055870

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### I.    INTRODUCTION

Defendant Altisource has disseminated a false and defamatory cease-and-desist letter to thousands of real estate professionals nationwide, wrongfully accusing CloseAbility of trademark infringement and unauthorized system use of the Equator platform. These accusations are demonstrably false, as confirmed by Equator itself, and threaten to irreparably harm CloseAbility's business, reputation, and client relationships.

The affidavit of CloseAbility's Interim CEO, Kevin Ra, confirms these facts and the urgent need for injunctive relief.

### II. LEGAL STANDARD

A temporary restraining order or preliminary injunction is an extraordinary remedy that may be granted by a federal court where the moving party demonstrates that immediate and irreparable injury, loss, or damage will result in the absence of such relief. Under Federal Rule of Civil Procedure 65, courts in the Sixth Circuit consider four interrelated factors when deciding whether to grant preliminary injunctive relief: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm in the absence of an injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.

No single factor is dispositive, and courts are instructed to balance all four. While a plaintiff is not required to prove its case in full at a preliminary stage, it must show more than a mere possibility of success. The standard does not demand a full evidentiary showing, but it does require specific facts that support each element of the requested relief. Courts have emphasized that irreparable harm is the linchpin of injunctive relief; where harm is ongoing, serious, and difficult to quantify—particularly reputational or competitive harm—temporary relief is often warranted.

See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (requiring a clear showing that the plaintiff is likely to succeed and to suffer irreparable harm); Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008) (applying four-factor balancing test for injunctive relief); and Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007) (noting that courts should weigh and balance the four factors to determine if equity supports the injunction).

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Altisource falsely accused CloseAbility of intellectual property infringement in a communication sent to thousands of industry participants. As confirmed by Equator's own written communication, CloseAbility's integration with its system is permitted and compliant. False statements of this nature are actionable as defamation per se under Ohio law. See Am. Chem. Soc'y v. Leadscope, Inc., 133 Ohio St. 3d 366, 388 (2012).

Accusing a company of running an unauthorized or infringing operation, especially when those statements affect a business's standing in its industry, is presumed to be defamatory. See Restatement (Second) of Torts § 573 (1977); Hahn v. Kotten, 43 Ohio St. 2d 237, 243 (1975).

### B. Plaintiff Is Suffering and Will Continue to Suffer Irreparable Harm

Loss of trust, reputational damage, interference with current and future clients, and negative investor impact are harms that cannot be remedied with monetary damages alone. See Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc., 453 F.3d 377, 381 (6th Cir. 2006).

### C. The Balance of Equities Favors CloseAbility

Altisource would suffer no legitimate harm from being restrained from making false statements. By contrast, CloseAbility faces ongoing reputational and commercial damage.

### D. The Public Interest Supports Granting Relief

False accusations about business operations, when made to thousands of professionals in the public marketplace, undermine fair competition and mislead consumers. See Connection Distrib. Co. v. Reno, 154 F.3d 281, 288 (6th Cir. 1998).

## IV. CONCLUSION

For the foregoing reasons and based on the supporting Affidavit of Kevin Ra, Plaintiff respectfully requests that the Court:

A.  Issue a Temporary Restraining Order and Preliminary Injunction;

B.  Order Altisource to retract its defamatory communication to all recipients;

C.  Set a hearing within 14 days under Fed. R. Civ. P. 65(b)(3);

D.  Grant such other relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Wendy S. Rosett
Wendy S. Rosett, ID# 0055870
Attorney and Counselor-at-Law
16781 Chagrin Boulevard, #304
Shaker Heights, Ohio 44120
216.533.4139 (cellular phone)
216.491.2125 (voicemail/fax)
owlesq@aol.com
Attorney for the Plaintiff