UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLOSEABILITY DATA SOLUTIONS, INC., | ) ) ) | CASE NO. 1:25-CV-00804 |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ALTISOURCE S.A.R.L., *et al.*, | ) ) | **ORDER** |
| Defendants. | ) ) | |

Before the Court is Plaintiff CloseAbility Data Solutions, Inc.'s ("CloseAbility") Motion for Judicial Notice (Doc. 24) and Motion for Leave to File Second Amended Complaint (Doc. 26). Both motions are unopposed. For the reasons below, the Motion for Judicial Notice is DENIED, and the Motion for Leave to File Second Amended Complaint is GRANTED.

I.  **BACKGROUND**

Defendant Altisource S.A.R.L. ("Altisource") owns and operates a software platform called Equator. (Doc. 26-2 at ¶ 1.) Altisource is a Luxembourg LLC. (*Id.* at ¶ 7.) Equator is a "real estate transaction coordination system used by mortgage services to manage short sales, foreclosures, and REO sales." (*Id.* at ¶ 5.) The platform is mostly used by banks, mortgage servicers, and asset managers primarily for managing non-distressed and distressed real estate transactions, especially for properties in foreclosure or bankruptcy. (*Id.*) One feature of Equator is its use of public email systems, such as Gmail, to communicate with clients regarding real estate transactions and other information. (*Id.* at ¶ 6.) CloseAbility developed a software tool that integrates with public email systems and allows clients to better organize information sent from Equator. (*Id.* at ¶¶ 4, 8.) In essence, "CloseAbility helps real estate agents process

complex transactions by interpreting Equator-generated messages received through Gmail." (*Id.* at ¶ 12.) CloseAbility's software allegedly drew significant interest because it made "the distressed real estate transaction process faster and more agent-centric." (*Id.* at ¶ 9.)

Altisource learned of CloseAbility's software tool and allegedly "sent communications to real estate agents falsely stating that 'there is no integration between CloseAbility and Equator.'" (*Id.* at ¶ 18.) As a result, agents stopped using CloseAbility's tool fearing it was illegitimate. (*Id.* at ¶ 22.) CloseAbility alleges Altisource's statement regarding integration was false because CloseAbility's tool does integrate with Equator, albeit indirectly. (*Id.* at ¶ 23 (PageID # 307).) CloseAbility also alleges Altisource has unlawfully monopolized the distressed real estate market, requiring individuals to use specific vendors only Altisource has approved of, among other anticompetitive activities which has harmed CloseAbility's business. (*Id.* at ¶ 20-23 (PageID # 308).)

On April 21, 2025, CloseAbility filed its initial complaint. (Doc. 1.) The complaint included a motion for a temporary restraining order and preliminary injunction. (Doc. 2.) Altisource opposed the motion for a temporary restraining order, in part because CloseAbility had not served Altisource, and the Court lacked jurisdiction. (Doc. 9.) On May 6, 2025, CloseAbility withdrew the motion. (Doc. 10.) CloseAbility then filed a First Amended Complaint on May 17, 2025. (Doc. 11.) The First Amended Complaint also included a request for a temporary restraining order and preliminary injunction. (Doc. 12.) Altisource again opposed the motion, in part because of lack of service and jurisdictional concerns since CloseAbility still had not served the complaint or First Amended Complaint. (Doc. 18.) On June 23, 2025, CloseAbility withdrew its motion for temporary restraining order. (Doc. 25.) The same day, CloseAbility moved to file a second amended complaint. (Doc. 26.)

At the same time, on June 18, 2025, CloseAbility field a Motion for Judicial Notice. (Doc. 24.)  The motion asks the Court to take judicial notice "of Altisource's public representations on the NASDAQ website and its SEC filings" which purportedly show Altisource has operations in the United States.  (*Id.* at 290.)

II.     **ANALYSIS**

   A.     **Motion for Judicial Notice**

Under the Federal Rules of Evidence, a "court may judicially notice an adjudicative fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 465-66 (6th Cir. 2014) (cleaned up) (quoting Fed. R. Evid. 201(b)).  Judicial notice, however, is limited: "a court may take notice of the documents and what they say, but it 'cannot consider the statements contained in the document for the truth of the matter asserted.'"  *Platt v. Bd. of Comm'rs on Grievances and Discipline Ohio Supreme Court*, 894 F.3d 235, 245 (6th Cir. 2018) (quoting *In re Omnicare*, 769 F.3d at 467).  And a court should not take judicial notice of a fact that is "not relevant or necessary to resolve th[e] action."  *Cece v. Wayne Cnty.*, 758 F. App'x. 418, 425 (6th Cir. 2018).  The moving party bears the burden of demonstrating an adjudicative fact is subject to judicial notice.  *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848-49 (6th Cir. 2020).

CloseAbility moves for judicial notice of a document on the NASDAQ website which allegedly discloses Altisource's operations in the United States.  (Doc. 24 at 290.)  CloseAbility seeks judicial notice of these filings and information to preempt any arguments Altisource may raise to jurisdiction or venue, arguments Altisource has raised in opposition to CloseAbility's now-withdrawn motions for temporary restraining orders.  (*Id.* at 289-90.)  CloseAbility argues

"these facts are directly relevant to any argument that Defendants may raise about jurisdiction, venue, or business activity in the United States." (*Id.* at 289.)

Judicial notice is not appropriate where a fact is not relevant to a present dispute. *United States v. Houston*, 110 F. App'x 536, 545 (6th Cir. 2004) ("[f]or a court to take judicial notice of a fact, that fact must be relevant to the ultimate issue that the jury must decide."). At present, there is no pending dispute regarding the facts CloseAbility seeks judicial notice of. *Cece*, 758 F. App'x at 425 (rejecting request for judicial notice because facts were "not relevant or necessary to resolve this action"). Accordingly, judicial notice is not appropriate.

**B.     Motion for Leave to File Second Amended Complaint**

Under Rule 15(a), a party may amend its pleading "once as a matter of course" within 21 days of service or 21 days after a responsive pleading. Fed. R. Civ. P. 15(a)(1). Additional amendments, however, require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Rule 15(a)(2) directs courts to "freely give leave when justice so requires," the rule embodies a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016). The movant has the burden to show why leave should be allowed. *Toxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973).

CloseAbility moves to file a second amended complaint to address "new facts" which "clarifies claims in light of Defendant's recent filings and Plaintiff's discovery of supporting evidence[.]" (Doc. 26 at 300.) The request comes early in this litigation and before any discovery has taken place. Altisource has not opposed the amendment. Accordingly, in light of the "liberal amendment policy" of Rule 15, there is good cause shown to grant CloseAbility's request to file a second amended complaint.

## III. CONCLUSION

Plaintiff CloseAbility's Motion for Judicial Notice (Doc. 24) is DENIED. CloseAbility's Motion for Leave to File Second Amended Complaint (Doc. 26) is GRANTED. The proposed Second Amended Complaint filed at Doc. 26-2 is considered filed *instanter* as of June 23, 2025.

**IT IS SO ORDERED.**

Date: August 14, 2025

                                                            BRIDGET MEEHAN BRENNAN
                                                            UNITED STATES DISTRICT JUDGE